# THE STELVIO.[1]

## PHELPS and others *v.* THE STELVIO.

*(District Court, E. D. New York.* March 24, 1887.)

1. CHARTER-PARTY—STEVEDORE'S CHARGES—CURRENT RATES—AGREEMENT AS TO RATES—BREACH OF CHARTER.

Where a charter-party provided that the cargo of green fruit should be discharged by a stevedore named by the charterer at current rates, and the charterer had guarantied that the stevedore would charge no more than current rates, and the stevedore had set up his tackle, *held,* that it was too late for the master to insist upon an agreement as to what rates were current, and the vessel was liable to the charterer for his damage sustained by the master's refusal to proceed with the discharge.

2. ADMIRALTY—STIPULATION FOR VALUE—EXORBITANT DEMAND OF DAMAGES —COMPENSATION PAID STIPULATORS—SET-OFF.

An exorbitant demand of damages in a libel will be relieved against on summary application to the court therefor, and a claimant who has given bonds for the full amount of such claim is therefore not entitled to set off against libelants' damages the amount paid to the stipulators as compensation for signing his stipulation for value.

In Admiralty.

*Ullo, Ruebsamen & Hubbe,* for libelants.

*E. B. Convers,* for claimants.

BENEDICT, J. I am under the impression that the clause in the charter-party providing that the cargo should be discharged by a stevedore named by the charter, at current rates, did not authorize the ship, because not informed of the rates which the stevedore named by the charterer intended to claim to be the rates current, to refuse to discharge the cargo at the appointed time. The cargo was green fruit, as to the discharge and sale of which the custom is peculiar; and when a competent stevedore had been duly named by the charterer, and the time for the discharge of the fruit had been fixed, and the trade was in attendance to examine the fruit according to custom, the refusal of the ship to proceed with the discharge of the cargo because the stevedore declined to assent to certain rates as current was a breach of the charter, and rendered the ship liable for the damages caused to the libelant by such refusal.

But, if I am wrong in this, it is plain that after the master of the ship had accepted the charterer's guaranty that the stevedore would charge no more than current rates, and had permitted the stevedore to set up his tackle in order that the discharge might be made at the appointed time, it was then too late for him to insist upon an agreement as to what rates were current, and refuse to discharge because an agreement as to the rates was not made. The libelant is therefore entitled to recover the damages sustained by him by reason of the refusal of the ship to discharge the fruit at the time appointed.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

The point is made that the sum of £40.0.7, paid by the claimants to the stipulators as compensation for signing the stipulation for value, should be set off against the damages, because the amount demanded in the libel is excessive and exorbitant. As to this I have only to say that, notwithstanding the practice has been approved by the English courts, I am not willing to countenance this method of obtaining relief from an exorbitant demand in the libel. The practice of this court is, on summary application therefor, to relieve against injustice attempted by means of an exorbitant demand in the libel, and to discharge the vessel from custody on a stipulation for value in a proper amount. In view of this practice, the claimants incurred an unnecessary expenditure when stipulators for the full amount claimed in the libel were procured, without effort to obtain a discharge of the vessel on a proper stipulation. In the case of The Indiana, 22 Fed. Rep. 925, the court, when requested to withhold costs because the demand in the libel was exorbitant, declined to do so, upon the ground of the ease with which the respondent might have had relief by application to the court.